Judge Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN D. BORGELT and CHARLES N. CARR, dba BULL'S EYE SHOOTERS SUPPLY,<br><br>      Petitioners,<br><br>    v.<br><br>THE BUREAU OF ALCOHOL, TOBACCO AND FIREARMS,<br><br>      Respondent. | NO. C03-2630RSM<br><br>**UNOPPOSED PETITION FOR ORDER AUTHORIZING DISCLOSURE OF MATERIALS OR INFORMATION SUBJECT TO RULE 6(e), F.R.Cr.P. TO AUSA BRIAN C. KIPNIS**<br><br>**(NOTE ON MOTION CALENDAR:<br>October 20, 2006)** |

Respondent the Bureau of Alcohol, Tobacco and Firearms, through its attorneys of record, John McKay, United States Attorney, and Brian C. Kipnis, Assistant United States Attorney, hereby move this Court, pursuant to Rule 6(e)(3)(E)(i), Fed.R.Crim.P, for an order permitting disclosure of any and all matters occurring before the Grand Jury in the Western District of Washington concerning the activities of Brian D. Borgelt and Charles N. Carr, dba "Bull's Eye Shooters Supply," and subject to the secrecy requirement of Rule 6(e)(2), Fed.R.Crim.P, to be disclosed by the Government to AUSA Brian C. Kipnis, and necessary administrative staff, for review of these materials in connection with this action. The motion is made and based on the ground that, pursuant to this Court's previous determination that it

UNOPPOSED PETITION FOR ORDER AUTHORIZING DISCLOSURE OF MATERIALS OR INFORMATION SUBJECT TO RULE 6(e), F.R.Cr.P. TO AUSA BRIAN C. KIPNIS - 1
(C03-2630RSM)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1 may be appropriate to supplement the administrative record in this action with some material
2 subject to Rule 6(e)(2), Fed.R.Crim.P, respondent's counsel has a particularized need to
3 review such material.
4     This motion is made and based on the accompanying Memorandum of Points and
5 Authorities, the pleadings and papers filed herein, and such oral argument as the Court may
6 entertain.
7     Petitioner, through counsel, has informed the undersigned that the petitioner does not
8 oppose the granting of this motion.
9     DATED this ___20th___ day of ___October___, 2006.

                Respectfully submitted,

                JOHN McKAY
                United States Attorney


                s/ Brian C. Kipnis
                BRIAN C. KIPNIS
                Assistant United States Attorney
                5220 United States Courthouse
                700 Stewart Street
                Seattle, WA 98101-1271
                Telephone: (206) 553-7970
                Fax: (206) 553-4073
                E-mail: brian.kipnis@usdoj.gov

                Attorneys for Respondent

UNOPPOSED PETITION FOR ORDER AUTHORIZING DISCLOSURE OF
MATERIALS OR INFORMATION SUBJECT TO RULE 6(e), F.R.Cr.P. TO
AUSA BRIAN C. KIPNIS - 2
(C03-2630RSM)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In this lawsuit, petitioners Brian D. Borgelt and Charles N. Carr, dba "Bull's Eye Shooters Supply," seek judicial review, pursuant to 18 U.S.C. § 923(f)(3), of ATF's determination following an administrative hearing that their federal firearms license should be revoked. In a status conference on September 19, 2006, the Court held that the record of proceedings before the grand jury, now completed, concerning the activities of Brian D. Borgelt and Charles N. Carr, should be scrutinized for witness testimony, particularly of former employees, that could have a bearing on the issue of "wilfulness" before the Court in this case.

Thereafter, on September 20, 2006, the parties entered into a "Stipulation for Order Setting Case Time Schedule," which was subsequently adopted by the Court. The aforementioned stipulation provides, among other things, the following:

> 1.  October 20, 2006    Petitioners and respondent shall submit an unopposed petition to the Court in accordance with Rule 6(e) of the Federal Rules of Criminal Procedure permitting disclosure of any and all matters occurring before the Grand Jury pertaining to Bull's Eye Shooter Supply and or Brian Borgelt to AUSA Brian C. Kipnis for the purpose of reviewing the file for testimony and other materials relevant to the instant action.

Pursuant to this agreement and order, respondent hereby moves the Court for an order authorizing the Government to disclose otherwise secret materials to its attorney for his review in connection with this action.

UNOPPOSED PETITION FOR ORDER AUTHORIZING DISCLOSURE OF
MATERIALS OR INFORMATION SUBJECT TO RULE 6(e), F.R.Cr.P. TO
AUSA BRIAN C. KIPNIS - 3
(C03-2630RSM)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

**ARGUMENT**

I. IN LIGHT OF THIS COURT'S RULING THAT IT MAY BE APPROPRIATE TO SUPPLEMENT THE ADMINISTRATIVE RECORD WITH MATERIAL WHICH IS SUBJECT TO THE SECRECY REQUIREMENT OF RULE 6(e)(2), Fed.R.Crim.P., THERE IS A PARTICULARIZED NEED FOR DISCLOSURE OF SUCH INFORMATION TO COUNSEL FOR RESPONDENTS

Rule 6(e) of the Federal Rules of Criminal Procedure precludes disclosure, except in specified circumstances, of "matters occurring before the grand jury" to unauthorized persons. This rule "embodies a long established policy of the federal courts to maintain the secrecy of grand jury proceedings" and is intended "to protect against disclosure of what is said or what takes place in the grand jury room." *DiLeo v. Commissioner*, 959 F.2d 16, 19-20 (2nd Cir.), *cert. denied*, 506 U.S. 868 (1992).

Although the rule provides a limited exception which allows disclosure of so-called "Rule 6(e) material" to "an attorney for the government for use in performing that attorney's duty," *see* Rule 6(e)(3)(a)(i), Fed.R.Crim.P., the Supreme Court's narrow reading of that exception in *United States v. Sells Engineering*, 463 U.S. 418 (1983), dictates the more prudent course of seeking specific judicial approval for the disclosure pursuant to Rule 6(e)(3)(E)(i), Fed.R.Crim.P., which provides, in relevant part:

> **(E)** The Court may authorize disclosure–at a time, in a manner, and subject to any other conditions that it directs–of a grand-jury matter:
>
> **(i)** preliminarily to or in connection with a judicial proceeding;

No doubt the instant lawsuit satisfies the condition that the disclosure be authorized "in connection with a judicial proceeding." However, an additional requirement is that a court may permit disclosure of grand jury materials under this exception only when the requesting party had demonstrated a "particularized need" for the material. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211 (1979). Under this standard, the movant must demonstrate

UNOPPOSED PETITION FOR ORDER AUTHORIZING DISCLOSURE OF MATERIALS OR INFORMATION SUBJECT TO RULE 6(e), F.R.Cr.P. TO AUSA BRIAN C. KIPNIS - 4
(C03-2630RSM)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

that the material sought is:

> [N]eeded to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed . . . [M]oreover, in considering the effects of disclosure of grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries.

*Id.* at 222; *see also United States v Proctor & Gamble*, 356 U.S. 677, 682 (1958).

In determining whether disclosure is permitted under Rule 6(e)(3)(C)(i), Fed.R.Crim.P., the court must balance the particularized need of the party seeking disclosure against the continued need for secrecy. As the need for secrecy decreases, the burden of demonstrating need for the materials in question is reduced. *See Douglas Oil*, *supra*, 441 U.S. at 223.

By far the most important factor to be considered in weighing the need for continued secrecy is whether the grand jury investigation has been completed. Once the investigation is terminated and the grand jury is discharged some of the reasons for maintaining secrecy no longer exist. After the investigation has been terminated, "only 'institutional concerns' are implicated by the [requested] disclosure." *United States v. Dynavac*, 6 F.3d 1407, 1412 (9th Cir. 1993). The most important surviving consideration is that secrecy encourages witnesses to testify fully and honestly without fear of retribution. This consideration is given significant weight regardless of the status of the investigation. *See United States v. Sobokta*, 623 F.2d 764, 767 (2nd Cir. 1980).

If the Court determines that disclosure is warranted, it must be limited to only that material for which particularized need has been shown. *Douglas Oil, supra,* 411 U.S. at 222. Further, any disclosure "may include protective limitations on the use of the disclosed material." *Id*. at 223.[1]

The petitioners have articulated a need for supplementation of the administrative record

---

[1] The requirement that the Government and "the parties to the judicial proceeding" be provided with notice of the petition and an opportunity to be heard is satisfied by this motion. *See* Rule 6(e)(3)(F)(i) & (ii), Fed.R.Crim.P. The Court may require that other persons whom it designates also be afforded notice and an opportunity to be heard. Rule 6(e)(3)(F)(iii), Fed.R.Crim.P.

UNOPPOSED PETITION FOR ORDER AUTHORIZING DISCLOSURE OF MATERIALS OR INFORMATION SUBJECT TO RULE 6(e), F.R.Cr.P. TO AUSA BRIAN C. KIPNIS - 5
(C03-2630RSM)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1 in this action. Petitioners contend that testimony of their employees before the grand jury may
2 support their contention that the violations of the statutory and regulatory requirements
3 associated with their federal firearms license which ATF found were not "willful" within the
4 meaning of the Gun Control Act. *See* 18 U.S.C. § 923(e). The Court in this action has
5 concluded that the administrative record here should be supplemented with such information.
6 Accordingly, respondent submits that it has a particularized need for disclosure of Rule 6(e)
7 material associated with the now completed grand jury investigation of petitioners to their
8 attorney of record.

9 Accordingly, respondent respectfully requests that the Court order that Rule 6(e)
10 material relating to possible violations of the Gun Control Act by petitioners, not including
11 any material reflecting the deliberations or votes of grand jury members, be disclosed by the
12 Government to Assistant United States Attorney Brian C. Kipnis, and his administrative
13 assistants, for use in connection with these proceedings, and that such materials not be further
14 disclosed except as specifically authorized by the Court.

15 Respondent's attorney will review the disclosed material in anticipation of the
16 November 30, 2006 meeting between counsel regarding the possible disclosure, with court
17 approval, of Rule 6(e) material to counsel for petitioners for use in connection with this
18 action. *See* Stipulation and Order (Dkt. # 30, ¶ 3).

UNOPPOSED PETITION FOR ORDER AUTHORIZING DISCLOSURE OF
MATERIALS OR INFORMATION SUBJECT TO RULE 6(e), F.R.Cr.P. TO
AUSA BRIAN C. KIPNIS - 6
(C03-2630RSM)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

## CONCLUSION

For the foregoing reasons, respondent respectfully requests that this motion be granted and that the Court authorize that the requested materials be disclosed to their counsel for the reasons set forth herein.

DATED this   20th   day of   October  , 2006.

                     Respectfully submitted,

                     JOHN McKAY
                     United States Attorney

                     s/ Brian C. Kipnis
                     BRIAN C. KIPNIS
                     Assistant United States Attorney
                     5220 United States Courthouse
                     700 Stewart Street
                     Seattle, WA 98101-1671
                     Telephone: (206) 553-7970
                     Fax: (206) 553-4073
                     E-mail: brian.kipnis@usdoj.gov

                     Attorneys for Respondent

UNOPPOSED PETITION FOR ORDER AUTHORIZING DISCLOSURE OF MATERIALS OR INFORMATION SUBJECT TO RULE 6(e), F.R.Cr.P. TO AUSA BRIAN C. KIPNIS - 7
(C03-2630RSM)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Western District of Washington, and is a person of such age and discretion as to be competent to serve papers;

That on October 20, 2006, she electronically filed the foregoing document(s) with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant(s):

C James Frush
CABLE LANGENBACH KINERK & BAUER
Email: jfrush@cablelang.com

DATED this 20th day of October, 2006.

    s/Jing Y. Xu
    JING Y. XU
    Legal Assistant
    United States Attorney's Office
    700 Stewart Street, Suite 5220
    Seattle, Washington 98101-1271
    E-mail: Jing.Xu@usdoj.gov

UNOPPOSED PETITION FOR ORDER AUTHORIZING DISCLOSURE OF MATERIALS OR INFORMATION SUBJECT TO RULE 6(e), F.R.Cr.P. TO AUSA BRIAN C. KIPNIS - 8
(C03-2630RSM)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970