UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN BORGELT and CHARLES CARR, dba BULL'S EYE SHOOTERS SUPPLY,<br><br>Petitioners,<br><br>v.<br><br>THE BUREAU OF ALCOHOL, TOBACCO, AND FIREARMS,<br><br>Respondent. | CASE NO. C03-2630RSM<br><br>ORDER STRIKING AS MOOT PETITIONERS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Petitioners' "Motion for Summary Judgment" (Dkt. #59), and the parties' "Stipulation for Order Permitting Excess Pages and Reestablishing Briefing Schedule." (Dkt. #63). The Court will not sign the stipulation entered into by the parties as it improperly establishes the length of the relevant briefs at 46 pages. Parties are not free to set the length of briefs that exceed the limits imposed by Local Rule CR 7(e) without first filing a proper motion for leave and obtaining permission from the Court. This was made expressly clear to Petitioners in a previous Minute Order by the Court on December 23, 2008, which stated that "Petitioners are free to withdraw their motion for summary judgment and establish a new briefing schedule with Respondent *in order to file a proper motion for leave*." (Dkt. #62) (emphasis added). Nothing in the language of that Order suggested that the parties could unilaterally set forth the page limits to a brief.

Furthermore, district court's have the inherent power to control their own dockets. *U.S.*

| | |
|---|---|
| 1 | *v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (citation omitted); *F.J. Hanshaw Enterprises,* |
| 2 | *Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are |
| 3 | vested with inherent powers enabling them to manage their cases . . . effectively and to ensure |
| 4 | obedience to their orders."). As such, the Court shall STRIKE AS MOOT Petitioners' Motion |
| 5 | for Summary Judgment (Dkt. #59) without prejudice to refile. |
| 6 |     In the interest of efficiency, and in order to prevent any further delay in the instant case |
| 7 | which has been pending since 2003, the Court will not require Petitioners to file a motion for |
| 8 | leave. Rather, the Court construes the parties' stipulation as a motion for leave to file an |
| 9 | overlength brief. The Court shall grant in part this motion, and allow 12 additional pages to |
| 10 | Petitioners for their motion for summary judgment, and similarly allow 12 additional pages to |
| 11 | Respondent for its cross-motion for summary judgment. Accordingly, <u>both motions shall not</u> |
| 12 | <u>exceed thirty-six (36) pages in length</u>. All responses and replies shall adhere to the limits |
| 13 | imposed by Local Rule CR 7(f). Nothing in the language of this Order precludes the parties |
| 14 | from stipulating to a new briefing schedule. Otherwise, Petitioners are free to file their 36-page |
| 15 | summary judgment motion at any time, and Respondent shall be expected to adhere to the rules |
| 16 | of the Court as laid out in Local Rule CR 7(d)(3). |

DATED this 22nd day of January, 2009.

*/s/ Ricardo S. Martinez*
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE